IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ESSIE JAMES and WILLIAM JAMES,<br><br>    Plaintiffs,<br><br> v.<br><br>PETRA FINANCE, LLC, CLEAR SPRINGS LOAN SERVICES, INC.[1], NATIONAL HOUSING PROTECTION AGENCY, INC. and RUBIN LUBLIN TN, P.L.L.C.<br><br>    Defendants. | Case No.: 2:15-cv-02297-SHM-cgc |

**DEFENDANTS PETRA FINANCE, LLC, CLEAR SPRINGS LOAN SERVICES, INC., AND RUBIN LUBLIN TN, P.L.L.C.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

COMES NOW, Petra Finance, LLC ("Petra"), Clear Springs Loan Services, Inc. ("Clear Springs"), and Rubin Lublin TN, P.L.L.C. ("Rubin Lublin"), Defendants in the above-styled civil action, and files this Memorandum of Law in Support of their Motion to Dismiss, pursuant to Fed R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

This is an action to stop the foreclosure sale of the real property located at 2245 Montego Drive, Cordova, Tennessee 38016 (the "Property"). *See* [Doc. 1-1], p. 20, ¶ 4. On October 31, 2005, Plaintiffs purchased the Property, financed by two mortgage loans from First NLC Financial Services, LLC ("NLC"). *Id.* at ¶¶ 10, 16-18. The primary loan was in the original principal amount of $136,650.00, secured by a Deed of Trust conveying the Property to NLC, Inc. as Trustee for Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for

---
[1] Improperly identified as "Clear Springs Vices, Inc."

NLC (the "First Deed of Trust") recorded on November 9, 2005, as Instrument No. 05184702 in the Shelby County, Tennessee records. A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit "A"** and incorporated herein by reference.[2] *Id.* at ¶ 17. The secondary loan was in the original principal amount of $34,150.00, and was secured by a Deed of Trust conveying the Property to NLC, Inc. as Trustee for Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for NLC (the "Second Deed of Trust") recorded on November 9, 2005, as Instrument No. 05184703 in the Shelby County, Tennessee records. A true and correct copy of the Second Deed of Trust is attached hereto as **Exhibit "B"** and incorporated herein by reference. *Id.* at ¶ 18.

Ultimately, Plaintiffs were unable to satisfy their obligations under the First Deed of Trust, and following their default, the Plaintiffs executed a Fixed Rate Loan Modification Agreement (the "Loan Modification Agreement") modifying the terms of the First Deed of Trust including establishing a new principal balance of $162,687.61 and modifying the loan into a fixed rate mortgage. *Id.* at ¶¶ 52-53. The Loan Modification Agreement was recorded on January 15, 2008, as Instrument No. 08008152 in the Shelby County, Tennessee records. A true and correct copy of the Loan Modification Agreement is attached hereto as **Exhibit "C"** and incorporated herein by reference.

On December 22, 2010, the First Deed of Trust and Loan Modification were assigned to Petra by virtue of the Transfer and Assignment of Deed of Trust recorded on January 27, 2011,

---

[2] This Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citations omitted) (internal quotations omitted).

as Instrument No. 11009720 in the Shelby County, Tennessee records (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit "D"**. *Id.* at ¶¶ 78-79.

After Rubin Lublin was appointed Substitute Trustee for the purposes of conducting a foreclosure of the First Deed of Trust, the Plaintiffs filed this action seeking to enjoin the foreclosure sale. *Id.* at ¶ 81. Plaintiffs' Complaint contain a largely disjointed dissertation of the terms of the original loan, the Plaintiffs' admitted failure to perform their obligations under the loans and Deeds of Trust, and Plaintiffs' efforts to forestall the foreclosure of the Property. The Complaint identifies four causes of action against Defendants Petra and Clear Springs: (1) fraud in the inducement of the loan transaction; (2) violation of Regulation Z of the Truth-In-Lending Act ("TILA"); (3) Intentional or Negligent Misrepresentation; and (4) Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing. However, the factual allegations in the Complaint do not support any of these causes of action, and the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

B.  **PLAINTIFFS HAVE FAILED TO ASSERT ANY CLAIMS AGAINST RUBIN LUBLIN.**

As a threshold matter, Defendants note that Plaintiffs do not assert any claims against Defendant Rubin Lublin. Plaintiffs acknowledge that they have no contractual relationship with Rubin Lublin, and that Rubin Lublin's sole involvement in this matter is as foreclosure counsel for Petra. [Doc 1-1], p. 28, ¶¶ 77-78. There are no allegations in the Complaint that Rubin Lublin engaged in any conduct that would state a claim for any of the causes of action identified. It appears that the sole purpose for including Rubin Lublin in the original Complaint was to obtain injunctive relief and stop the foreclosure sale while Plaintiff obtained service of process upon Petra and Clear Springs. Because Plaintiffs do not allege any causes of action against Rubin Lublin, Rubin Lublin respectfully requests that the Court dismiss the Complaint as to them and discharge them from further proceedings in the case. *See LeBlanc v. Bank of Am., N.A.*, No. 2:13-cv-02001-JPM-tmp, 2013 WL 2015622, at *3 (W.D. Tenn. May 13, 2013) (dismissing Rubin Lublin from similar case where "the Complaint contains no factual allegations related to the actions of Rubin Lublin.").

C.  **PLAINTIFFS' HAVE FAILED TO SPECIFICALLY PLEAD FACTS THAT WOULD SUPPORT A CAUSE OF ACTION FOR FRAUD IN THE INDUCEMENT.**

Turning to the actual claims presented, Plaintiffs first assert that they were induced to enter into the original loan transaction by a "complex scheme to mislead consumers like themselves about the real nature of the loan transactions." [Doc 1-1], p. 28, ¶ 83. Plaintiffs,

4

however, fail to provide any specific factual allegations to support this claim under both Tennessee law and the pleading standards set forth in the Federal Rules of Civil Procedure.

To establish a claim for fraud in the inducement, a Plaintiff must establish five elements: (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statements falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; and (5) an injury resulting from the reliance. *Gilkey v. Wells Fargo Bank, N.A.,* 12-2965-STA-CGC, 2013 WL 4432163, at * 7 (W.D. Tenn., August 16, 2013). 2000). Rule 9 of the Federal Rules of Civil Procedure further requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has expounded upon this Rule holding that a claim for fraud requires the Plaintiff to set forth detailed factual allegations regarding the time, place, and content of the alleged misrepresentation, the fraudulent intent of the defendant, and the resulting injury. *Coffey v. Foamex LP,* 2 F.3d 157, 161-62 (6th Cir. 1993).

In the present case, the Plaintiffs have failed to satisfy the pleading requirements of Rule 9 and further failed to provide any factual allegations establishing a claim for fraud. First, Plaintiffs have failed to identify a single representation of any kind made to them during the loan origination process, much less a factual misrepresentation made by the original Lender, i.e. NLC. Plaintiffs contend that Reginald Parham, a mortgage broker with Liberty Lending, made all arrangements regarding the transaction, including "the lender, the kind of loan, and the closing agent." [Doc. 1-1], p. 21, ¶ 15. Plaintiffs further assert that the terms of the loan to which they agreed "were totally unaffordable" and that they did not understand the terms of the loan and that the true facts "were obfuscated and concealed from them by Mr. Parham." *Id.* at ¶¶ 44-45. Importantly though, Plaintiffs do not allege that Mr. Parham was in acting as an agent for or at

the behest of NLC.  In fact, there is no a single allegation that the original lender was a part to any conversations, discussion, or communications of any kind with the Plaintiffs.  Barring such allegations, Plaintiffs cannot state a claim for fraud in the inducement that would support rescission of the loan transaction.

Furthermore, Plaintiffs have failed to identify any specific factual representations made to them that were false or misleading.  Likewise, the Plaintiffs have failed to provide specific facts that would demonstrate a specific intent by NLC to fraudulent induce them into entering into the loan transactions.  Plaintiffs' failure to plead any facts to support these elements makes their fraud claim entirely conclusory in nature and subject to dismissal under Rule 9. *Twombly*, 550 U.S. at 555.  At best, Plaintiffs' Complaint suggests that the Plaintiffs did not understand the terms of the loan documents that they themselves signed, and there are no facts that would support a finding that Plaintiffs' inability to understand the terms of the loan was the fault of any of the named Defendants or their predecessors or agents.  Without such allegations, Plaintiffs' fraud claims are legally insufficient under both Tennessee law and the pleadings standards of the Federal Rules of Civil Procedure, and thus, the Complaint must be dismissed.

**D. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR VIOLATION OF TILA.**

Next, Plaintiffs attempt to state a claim for relief under Regulation Z of TILA.  Specifically, Plaintiffs allege that Petra and Clear Springs are liable for failing to notify Plaintiffs of the transfer of ownership of the loan within thirty (30) days of the transfer.  [Doc 1-1], p. 28, ¶¶ 86-87.  Plaintiff's claim fails for two reasons.

First, Plaintiff's TILA claim is barred by the relevant statute of limitations.  TILA specifically proscribes that "any action under this section may be brought ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  And while Regulation Z

requires that the borrower must be notified of the transfer of a loan within thirty (30) days of the date of the transfer, the assignment of the First Deed of Trust to Petra occurred on December 22, 2010, more than four (4) years prior to the initiation of this action. *See*, Exhibit "D." Because Plaintiffs failed to bring this claim within the time proscribed by law, their claim is time-barred and subject to dismissal under Rule 12(b)(6).

Even if the claim was not barred by TILA's statute of limitations, the Plaintiff's have failed to plead facts showing that they have been damaged by Defendants' alleged violation. TILA requires Plaintiffs to plead actual damages resulting from the alleged violation. 15 U.S.C. § 1640(a)(1). Where a Plaintiff has not alleged any actual damages resulting from the purported TILA violation, the Plaintiffs fail to state a claim for relief. *See Turner v. AmericaHomeKey Inc.*, 2011 U.S. Dist. LEXIS 91173, at *12-13 (N.D. Tex. Aug. 16, 2011) (granting motion to dismiss TILA claim where Plaintiff failed to provide facts showing the failure to send disclosures upon the transfer of his loan resulted in actual damages). In the present case, Plaintiffs provide absolutely no facts showing that they have been harmed or injured in anyway by the purported failure to provide notice of transfer of the loan. Failing such facts, the Plaintiffs cannot establish a claim under TILA, and Plaintiffs' Complaint fails under Rule 12(b)(6).

E. **PLAINTIFFS HAVE FAILED TO IDENTIFY ANY MISREPRESENTATION BY CLEAR SPRINGS OR PETRA.**

As with their fraudulent inducement claim, Plaintiffs have failed to identify with specificity a single misrepresentation, negligent or otherwise, made by either Clear Springs or Petra that would support a claim for intentional or negligent misrepresentation. The entirety of Plaintiff's misrepresentation claim relates to conduct and statements allegedly made by Defendant National Housing Protection Agency ("NHPA"). [Doc. 1-1], p. 29, ¶¶ 89, 92. In wholly conclusory fashion, Plaintiffs assert that Petra and/or Clear Springs should be held liable

for the representations of NHPA because NHPA was acting as their agent, *Id.* at ¶ 89, but there are absolutely no facts to substantiate Plaintiffs' agency claim.

To survive a motion to dismiss, Plaintiffs must "allege sufficient facts from which a rational trier of fact could infer an agency relationship. *Osborne v. Bank of Am., Nat. Ass'n*, 234 F. Supp. 2d 804, 809 (M.D. Tenn. 2002). In the present case, Plaintiff's Complaint is woefully deficient to establish an agency relationship between Petra/Clear Springs and NHPA. Plaintiff provides absolutely no facts showing an agency relationship existed between Defendants and NHPA. There is no suggestion that an agency agreement exists, that NHPA was authorized to speak for Petra or Clear Springs, or that there exists any connection between Defendants and NHPA. In fact, the only facts alleged in the Complaint suggest that NHPA has absolutely no affiliation with Petra or Clear Springs, but is instead a separate and independent, for-profit debt relief agency who attempts to negotiate with lenders on behalf of borrowers. [Doc. 1-1], p. 27, ¶¶ 69-70. Said another way, the facts set forth in the Complaint suggest that NHPA was actually the Plaintiffs' agent engaged to negotiate with Defendants on behalf of Plaintiffs. Because Plaintiffs have failed to plead any facts that would support a finding that NHPA was acting as agent for either Clear Springs or Petra, Plaintiffs have failed to state a cause of action for negligent and/or intentional misrepresentation, and the Complaint should be dismissed for failure to state a claim.

F.  **PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF FOR BREACH OF CONTRACT OR THE DUTY OF GOOD FAITH AND FAIR DEALING.**

Next, Plaintiffs argue that Defendants have breached the common law duty of good faith and fair dealing by "engaging the plaintiffs in a protracted loan modification process and encouraging them to invest substantial time, effort and money in submitting documents and

information…while failing to comply with objective industry standards regarding loan servicing and handling of loan modification requests." [Doc. 1-1], p. 27, ¶¶ 69-70.  To plead a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach.  *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Moreover, under Tennessee law, a breach of the implied covenant of good faith and fair dealing is not an independent basis for relief, *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989), but rather is "part and parcel" of a breach of contract claim. *Weese v. Wyndham Vacation Resorts*, 2009 U.S. Dist. LEXIS 55328, at *14 (E.D. Tenn. June 30, 2009); *Weese*, 2009 U.S. Dist. LEXIS 55238, at *15. Said another way, where there is no claim for breach of contract, there can be no claim for violating the common law duty of the good faith and fair dealing. *Id.*

In the present case, Plaintiffs have failed to identify a single breach of either Deeds of Trust or Loan Modification Agreement that would support a breach of contract claim.  The Plaintiffs' claim hinges on the premise that they were somehow legally and contractually entitled to a loan modification upon terms that were unilaterally advantageous to them.  Plaintiffs, however, fail to provide any facts or citations to any provisions of the Deeds of Trust or Loan Modification Agreement that demonstrate that either Petra or Clear Springs were contractually obligated to agree to such a modification following Plaintiffs' default.  Failing such showing, Plaintiffs cannot state a claim for breach of contract, and simultaneously cannot state a cause of action for breach of the duty of good faith and fair dealing.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted this 18th day of May, 2015.

                                                RUBIN LUBLIN TN, PLLC

*/s/ Jody Charles Campbell*
PETER L. LUBLIN
BPR #027928
JODY CHARLES CAMPBELL
BPR #33106
NATALIE K. BROWN
BPR #22425

*Attorneys for Petra Finance, LLC, Clear Springs Loan Services, Inc. and Rubin Lublin TN, PLLC*

3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(770) 246-3324 (Telephone)
(404) 601-5458 (Facsimile)
jcampbell@rubinlublin.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have this 18th day of May, 2015, served all parties in this matter with the foregoing by CM/ECF and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Webb Brewer<br>
Brewer & Barlow PLC<br>
1755 Kirby Parkway, Suite 110<br>
Memphis, TN 38120

        */s/ Jody Charles Campbell*
        JODY CHARLES CAMPBELL
        BPR #33106